IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 05-0087-CB

CHRISTOPHER JAMES WILLIAMS

**ORDER**

This matter is before the court on the defendant's Motion (doc. 20) for Leave to File Motion Out of Time and his Motion (doc. 21) to Suppress evidence obtained pursuant to a search warrant, including the firearm upon which this prosecution is based and a statement from the defendant. The court grants leave to file the motion to suppress, and considers the latter motion on its merits.

The sole basis of the motion to suppress is defendant's assertion that the warrant was insufficiently particular as it contained an erroneous physical description of the house to be searched. The warrant was issued by a Judge of the District Court of Marengo County on November 29, 2004. It allowed the search of the residence of Christopher James Williams which was further described in the warrant as "807 East Franklin Street, Demopolis, AL. A Green and White House with a Fence Around It." According to defendant's attorney, the house was not green and white and did not have a fence. All of the other information, including the street address and the name of the resident, were correct.

"It is enough if the description is such that the officer with a search warrant can, with reasonable effort[,] ascertain and identify the place intended" *Steele v. U.S.*, 267 U.S. 498, 503 (1925). Further, the good faith exception to the exclusionary rule applies to technical deficiencies in the warrant. *Massachusetts v. Sheppard*, 468 U.S. 981 (1984).

In *U.S. v. Ellis*, 971 F.2d 701 (11th Cir. 1992), a panel of this Circuit addressed a similar

'particularity' challenge based upon an erroneous description in an application and warrant of the place to be searched.  The officer had requested

> a warrant to search "the third mobile home on the north side of Christian Acres Road" in Grand Bay, Alabama. The warrant and accompanying affidavit did not give any other information to narrow the search, and [the requesting officer] (at that time) did not know who inhabited the home. The documents did not indicate that the mobile home was owned or inhabited by Billy Ellis, but in fact indicated that the "[o]ccupant [was] unknown to affiant." Moreover, the documents did not describe the physical appearance of Ellis' mobile home in any way. In fact, the affidavit added nothing to the warrant.

*Id*. at 702 (record citations omitted).

The Court distinguished that situation from a line of cases that had upheld warrants because held that, because of the confluence of facts in that particular case, the situation presented a real threat of a general search of the entire neighborhood: not only was the description of the location incorrect, but there was no other information in the warrant from which officers could discern the place to be searched.  The requesting officer did not know the name of the resident of the trailer and, though the executing officer knew that defendant was the target of the investigation, the Court held that because the name did not appear on the warrant or application, they could not use that knowledge to cure the warrant's deficiency.  *Id*. at 704.  Also, the executing officers had not observed the home previously and so had no personal knowledge that could have narrowed the search.  The court held the warrant to be invalid and that the Good Faith exception did not apply.

The instant case does not present such an extreme situation and does not present a possibility of a generalized search.  The street address was alone sufficient to describe the property to be searched, and the name of the resident presented additional information from which even an officer unfamiliar with the investigation could have determined the place to be searched, if necessary.  The inclusion of additional information which turned out to be inaccurate does not change that fact.

The warrant at issue was sufficiently particularized. The court need not apply the good faith exception.

Accordingly, it is hereby **ORDERED**

1) that the defendant's Motion for Leave to File is **GRANTED**; and

2) that the Motion to Suppress is **DENIED**.

**DONE** this the 5th day of July, 2005.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**
