IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL NO. 07-0672-WS |
| | ) | |
| CHRISTOPHER WILLIAMS, | ) | CRIMINAL NO. 05-0087-WS-B |
| | ) | |
| Petitioner. | ) | |

**ORDER**

This matter comes before the Court on petitioner's filing styled "Motion for Certificate of Appealability Pursuant to 28 U.S.C. §§ 2253(a),(c)(1)" (doc. 60).

**I.      Background.**

Following his March 2005 Indictment (doc. 1) in this District Court on charges of possessing with intent to distribute crack cocaine, conspiring to possess with intent to distribute crack cocaine, and possessing a firearm as a convicted felon, petitioner Christopher James Williams moved to suppress the fruits of a search warrant executed at his home on the grounds that the property description in the warrant did not match the property that was searched (*i.e.*, the warrant described the property to be searched as a green and white house with a fence, but Williams' house is black and white, with no fence). Senior District Judge Butler denied the motion to suppress without a hearing, finding that the warrant was sufficiently particularized to satisfy the Fourth Amendment because it correctly identified the street address and resident name of the property to be searched, such that the additional identifying information (even if inaccurate) was superfluous.

On July 5, 2005, upon the denial of his motion to suppress, Williams entered a plea of guilty to the crack cocaine conspiracy and firearm charges, while reserving his right to appeal the denial of the motion to suppress. On October 17, 2005, the undersigned sentenced Williams to a term of imprisonment of 210 months as to the § 846 conspiracy count, and 120 months as to the firearm count, said terms to run concurrently. Williams timely appealed his conviction and sentence to the Eleventh Circuit, arguing that the sentence was unreasonable under 18 U.S.C. §

3553(a) and greater than necessary, that the drug weight found by the Court at sentencing was based on insufficient facts, that Judge Butler failed to give fair and complete consideration to the motion to suppress, and that the sentence was unreasonable because of the sentencing disparity between crack and powder cocaine offenses. On October 5, 2006, the appellate court affirmed Williams' conviction and sentence, rejecting all of his assignments of error.

On September 21, 2007, Williams, proceeding by and through counsel, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. That motion identified the following grounds for relief: (a) ineffective assistance of trial counsel for failure to present material evidence of acceptance of responsibility at sentencing, (b) ineffective assistance of appellate counsel for failure to argue that the motion to suppress was wrongly denied, (c) a reprise of his argument that his sentence was unreasonable and greater than necessary to achieve the purposes of § 3553(a), and (d) a request for resentencing if the new guideline amendments for crack cocaine sentencing were deemed retroactive. On November 30, 2007, the undersigned entered a 15-page Order (doc. 57) explaining in detail why each of these grounds for relief was meritless, and denying the § 2255 motion.[1]

Williams (now proceeding *pro se*) appeals from the denial of his § 2255 motion and has filed a Motion for Certificate of Appealability. In that Motion, Williams argues that he should be granted a Certificate of Appealability ("COA") as to the following issues: (i) whether "his continued incarceration for engaging in conduct, that did not occur constitutes a violation of his Due Process and Constitutional rights"; and (ii) as his "main issue," whether "Trial Counsel knowingly failed to allege facts in Petitioner's Motion to Suppress, that if proven would require the grant of relief sought." (Motion, at 2-3.) As to this "main issue," Williams emphasizes his dissatisfaction with the manner in which trial counsel (not appellate counsel) presented the motion to suppress, and maintains that these defects are "why counsel was ineffective during the

---

[1] The one caveat to this ruling was that, with respect to Williams' request for resentencing under the sentencing guideline amendments for crack cocaine, the Court explained that no such retroactivity had attached as yet. On this issue, the Order stated: "Williams' request is, at best, premature, and for that reason is **denied**, without prejudice to his ability to renew the request as a § 3582(c)(2) motion if Amendment 706 is made retroactive." (Doc. 57, at 14.) In the interim, of course, Amendment 706 has in fact been made retroactive, so Williams is free to file a § 3582(c)(2) motion for sentence modification after the effective date of March 3, 2008.

beginning stages of this prosecution." (*Id.* at 5.)

## II.     Analysis.

### A.     *Legal Standard.*

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997). This standard is "materially identical" to that governing certificates of probable cause under the former 28 U.S.C. § 2253. *Hardwick,* 126 F.3d at 1313. In the context of certificates of probable cause, the Supreme Court defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Id.* (citations omitted). More recently, the Supreme Court echoed this interpretation in the context of a COA, opining that § 2253's "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (adopting and applying *Slack* standard). Where a district judge rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338.

### B.     *Petitioner's Asserted Grounds for Relief.*

Both grounds for COA identified in Williams' request were omitted from his underlying § 2255 petition and accompanying briefs. While Williams now seeks a COA on grounds of actual innocence (despite his guilty plea, the voluntariness of which he has never contested) and

ineffective assistance by trial counsel in litigating the motion to suppress, his § 2255 petition raised neither of these grounds, but instead collaterally attacked his sentence on the grounds that trial counsel failed to present certain evidence at sentencing concerning acceptance of responsibility, that the sentence was unreasonable, that appellate counsel did not properly argue error relating to the motion to suppress, and that Williams was entitled to retroactive application of the recent sentencing guideline amendment concerning crack cocaine.  The issues in petitioner's Motion for COA thus constitute brand-new allegations surfacing now for the first time in these § 2255 proceedings.

Such newly raised issues are not a valid basis for a COA.  New claims not previously asserted in a § 2255 petition but raised for the first time on appeal are generally not considered. *See, e.g., Thomas v. Crosby*, 371 F.3d 782, 800 (11th Cir. 2004) (noting that when habeas petitioner seeks COA on issue that he failed to present at district court level, he has waived his right to have appeals court consider such issue); *King v. United States*, 565 F.2d 356, 358 (5th Cir. 1978) (explaining that newly presented issues that were not raised in district court will not be considered on appeal from denial of motion to vacate and set aside sentence); *see also United States v. Faubion*, 19 F.3d 226, 232 n.31 (5th Cir. 1994) (where § 2255 petitioner failed to present claims to district court, she waived right to present them on appeal).  To be sure, the Eleventh Circuit may consider these newly raised issues in the exercise of its discretion, notwithstanding Williams' failure to raise them in his § 2255 petition; however, such consideration would require a showing of "exceptional circumstances" or a "miscarriage of justice," neither of which Williams can satisfy.  *Thomas*, 371 F.3d at 800-01.  Because the Eleventh Circuit is unlikely to consider such claims, no COA is warranted on these newly asserted issues which Williams seeks to inject into these proceedings only now, after his § 2255 petition has already been denied.

On a more fundamental level, the Court is of the opinion that it is procedurally improper for Williams to use a Motion for COA as a vehicle for broadly expanding the scope of his § 2255 petition well beyond the issues and claims presented therein.  A request for COA is not properly employed as a means of achieving *de facto* amendment of a failed § 2255 petition.  It would circumvent the very statutory purposes underlying the COA requirement if a petitioner could utilize a request for COA as a "second bite at the apple" to identify new issues that he could have

presented in his original petition, but did not.  The Court therefore cannot countenance Williams' attempts, more than four months after his § 2255 petition was filed and two months after it was denied by this Court, to interpose new grounds for relief.  Simply put, Williams' Motion for COA is a thinly veiled backdoor attempt to file a second or successive petition, and should be evaluated as such.  *See United States v. Miles*, 2001 WL 1580951, *1 (10th Cir. Dec. 12, 2001) ("The issues Mr. Miles raised for the first time in his post-judgment application for COA in the district court were properly construed as presenting a second or successive petition for habeas relief, which may only be filed upon authorization from this court.").  Of course, Williams is precluded from filing a successive petition without the permission of the Eleventh Circuit, which he has not obtained.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it.").  Because Williams' Request for COA is properly construed as a motion for second or successive petition, he cannot secure a COA on those newly asserted issues in the present posture of this action.$^{2}$

Finally, although Williams does not seek a COA on any of the four grounds for relief set

---

$^{2}$     Williams' claim of ineffective assistance of trial counsel in presenting the motion to suppress is particularly troubling.  As the Court understands it, Williams now claims (for the first time) that he informed trial counsel that the factual predicate of the search warrant was incorrect, inasmuch as the controlled buys on which the warrant was allegedly based had never occurred, but that trial counsel failed to raise that objection in the motion to suppress.  Apparently, then, Williams is taking his trial counsel to task for not raising an objection under *Franks v. Delaware*, 438 U.S. 154 (1978) and its progeny.  This issue has never been briefed; indeed, the search warrant and search warrant affidavit do not appear to be in the record, and it is impossible to evaluate the merits of that claim in the manner in which it is before the Court at this time.  *See, e.g., United States v. Novaton*, 271 F.3d 968, 987 (11th Cir. 2001) (pursuant to *Franks*, "in order to be entitled to relief a defendant must not only show that misrepresentations were intentionally or recklessly made, but also that, absent those misrepresentations or omissions, probable cause would have been lacking").  For Williams to inject that issue now would require a redo of the entire § 2255 proceeding, with new legal and evidentiary submissions by both sides, to evaluate such a claim.  This sort of second bite at the § 2255 apple is impermissible without prior leave by the Court of Appeals, and this Court will not allow Williams to circumvent that requirement by untimely smuggling the issue into this action via his Motion for COA after his duly filed § 2255 motion was fully litigated and ruled on.

forth in his § 2255 petition, the Court has carefully reviewed the November 30, 2007 Order in its entirety through the prism of the standards outlined in § 2253(c)(2) and *Slack* for issuance of a COA.  After doing so, it is the conclusion of this Court that, for the reasons stated in that Order, reasonable jurists could not debate whether Williams' § 2255 petition should have been resolved in a different manner.  Accordingly, those grounds for relief are wholly inadequate to deserve encouragement to proceed further, and cannot merit issuance of a COA.

### III.     Conclusion.

For the foregoing reasons, petitioner's Motion for Certificate of Appealability (doc. 60) is **denied**.

DONE and ORDERED this 6th day of February, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE